UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


CHRISTOPHER W. COOMER #313816    )
                                 )
v.                               ) NO. 2:04-CV-197
                                 )
ED GRAYBEAL; W.C.D.C. & STAFF;   )
MAJOR BRENDA DOWNES; CAP'T       )
DON FINLEY and ADMINISTRATION    )


**MEMORANDUM and ORDER**

Christopher W. Coomer, a prisoner in the Washington County Detention Center (WCDC),[1] brings this *pro se* civil rights action for damages and injunctive relief under 42 U.S.C. § 1983, alleging that conditions in the WCDC violate his constitutional rights. The plaintiff is **ASSESSED** the civil filing fee of $150.00 under 28 U.S.C. § 1915.[2] Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly

---

[1] The plaintiff has notified the Court that his address has changed and that he is now confined in a state prison.

[2] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the increase.

> > deposits to the plaintiff's inmate trust account;
>
> or
>
> (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[3] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is confined, to ensure compliance with the above fee-assessment procedures.

In his complaint, the plaintiff alleges that he is unable to obtain a grievance form; that he has been refused religious services because of his lock-down status; that the food just sits in the chow carts for a long period of time and is served at an unsafe temperature; that he is in maximum lock-up in a 2-person cell

---

[3] Send the payments to:   Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

which now houses three inmates; that, though the WCDC, supposedly, is tobacco-free, guards use smoking tobacco in the inmates' housing units; that he is a non-violent offender housed with misdemeanants and federal prisoners; and that he is being punished due to rule infractions of other prisoners. For these claimed constitutional violations, the plaintiff seeks monetary and injunctive relief.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning every single claim stated in the complaint, *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005), against each defendant associated with those claims. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown,* 139 F.3d at 1104.

The plaintiff asserts in paragraph II of his complaint that the WCDC has a prisoner grievance procedure, but that he did not present the facts relating to his claims through the grievance system because he was "unable to obtain a

3

grievance procedure form. When one is asked for it is always denied, no matter what for."

The plaintiff, however, does not identify the person(s) who denied his request(s) to file a grievance, nor allege the date(s) of his request(s), nor any of the circumstances surrounding the request(s). Nor does he contend that he made an attempt to file a grievance without a form. *See Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001). General allegations that he was denied a grievance are insufficient to satisfy the statutory requirements in § 1997e. *See Fitts v. Faghihnia*, 21 Fed.Appx. 243, 245, 2001 WL 1298837, *2 (6th Cir. Aug. 7, 2001).

Accordingly, a separate order will enter, **DISMISSING** this action without prejudice, for failure to exhaust administrative remedies.

ENTER:

        s/Thomas Gray Hull
       THOMAS GRAY HULL
        SENIOR U. S. DISTRICT JUDGE